ANDREW F. SHELDON, Respondent, *v.* ANNA G. MIRICK and
Another, as Administrators, etc., of NELSON R. MIRICK, Deceased,
Appellants.

*Statute of Limitations — action on a judgment — adjudication of a claim against
a decedent's estate — costs against administrators.*

An order or decree made by a County Court, in proceedings instituted by the committee of an habitual drunkard for the sale of the drunkard's real estate to pay his debts, which establishes and adjudicates the amount of a claim against the estate, is a judgment, within the meaning of section 376 of the Code of Civil Procedure, which prescribes that "a final judgment or decree for a sum of money or directing the payment of a sum of money * * * is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it."

The complaint in an action against the administrators of Nelson R. Mirick, deceased, by the assignee of a claim of $1,149.99, being the amount remaining unpaid on an account for legal services rendered the deceased, alleged "that such proceedings were thereafter duly had in the Wayne County Court upon the petition of said Andrew F. Sheldon and William Kreutzer, as committee as aforesaid, for the sale of real property of said Nelson R. Mirick for the payment of his debts, that on the 16th day of June, 1884, an order was duly made by said Wayne County Court establishing and adjudging said claim to be a valid and subsisting debt against said Nelson R. Mirick, and his estate in the sum of $1,149.99."

*Held*, that this was sufficient to make the action one upon the decree of the County Court as a judgment, and to bring the case within section 376 of the Code of Civil Procedure.

When the amount of a claim against a decedent's estate is not seriously disputed, but its payment is resisted and litigated by the administrators in reliance solely upon the Statute of Limitations, costs are properly awarded against the administrators when defeated on that issue. (Code Civ. Proc. § 1836.)

APPEAL by the defendants, Anna G. Mirick and William P. Mirick, as administrators, etc., of Nelson R. Mirick, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Wayne county on the 13th day of September, 1892, upon the report of a referee, and from an order made at Special Term awarding costs to the plaintiff against the defendants, as administrators, to be collected out of the property of their decedent in their hands.

*E. W. Hamm,* for the appellants.

*T. W. Collins,* for the respondent.

MACOMBER, J. :

The plaintiff brings this action as the assignee of a claim against Nelson R. Mirick, which accrued to John H. Camp and James W. Dunwell for professional services as lawyers, between May 23, 1876, and the 16th day of June, 1884. The value of the whole amount of such services was shown to be $2,906.58, of which $1,756.61 had been paid, leaving due and unpaid a sum of $1,149.99. This balance was assigned by Camp and Dunwell to one Mr. Howell for the sum of $1,075, and Howell in turn assigned the same to the plaintiff for a like amount, as expressed in the assignment itself. The amount due on the claim, besides interest, was shown to be $1,050, and for that sum a recovery was had in pursuance of the report of the referee. The answer consists of a general denial and the six years' Statute of Limitations. Upon the trial of the action before the referee, the amount of the indebtedness was clearly established, and the same was not disputed, in any respect, by the defendants, who gave no evidence against the correctness of the claim. They relied, however, upon the trial as well as upon the appeal, upon the Statute of Limitations to defeat the action.

It appears that Nelson R. Mirick had, for several years prior to 1883, been adjudged to be an habitual drunkard, and his estate was placed in the hands of a committee, but this committee was discharged in the year 1883, and Nelson R. Mirick was restored to his property; that on the 3d day of April, 1884, he was again adjudged an habitual drunkard by an order of the County Court of Wayne county, that being the county of his residence, and on the twenty-fifth day of April of that year, the plaintiff, Andrew F. Sheldon and William Kreutzer were duly appointed a committee of his person and property, and this committee entered upon the discharge of their duties.

This committee duly instituted proceedings for the sale of certain property of Nelson R. Mirick for the payment of his debts, and such proceedings resulted in an order or decree of the County Court made on the 16th day of June, 1884, establishing certain claims

against the estate, and among them was the claim of Camp and Dunwell, which was adjudicated to be the sum of. $1,149.99. The proceedings for the sale of the estate of this habitual drunkard are fully set forth in the printed record, and appear, in all respects, to be regular and binding upon all the parties thereto. The claim of Camp and Dunwell was proved by abundant evidence, and it was shown upon the trial, resulting in the judgment from which the appeal is taken, that no part of the balance so found due them had been paid. This action was begun on the 18th day of November, 1890.

The learned referee has found, among other things, that the adjudication of the claim made by the County Court in the proceedings instituted by the committee for the payment of the debts of Nelson R. Mirick, was an adjudication or a judgment within the meaning of section 376 of the Code of Civil Procedure. We think that the referee was correct in the conclusion; that section provides as follows : " A final judgment or decree for a sum of money, or directing the payment of a sum of money, heretofore rendered in a Surrogate's Court of the State, or heretofore or hereafter rendered in a court of record within the United States, or elsewhere, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it." But it is claimed by the counsel for the appellants that this action was not upon the decree of the County Court as a judgment, but was for the balance of an open account; but the complaint alleges, in its second subdivision, all the facts necessary, as we think, to bring the case within section 376 of the Code of Civil Procedure. It alleges : " That such proceedings were thereafter duly had in the Wayne County Court upon the petition of said Andrew F. Sheldon and William Kreutzer, as committee aforesaid, for the sale of real property of said Nelson R. Mirick for the payment of his debts ; that on the 16th day of June, 1884, an order was duly made by said Wayne County Court establishing and adjudging said claim to be a valid and subsisting debt against said Nelson R. Mirick and his estate in the sum of $1,149.99."

If this view of the case be correct, it is unnecessary to examine the other questions that have been so elaborately discussed in the briefs which have been submitted to the court.

In regard to the allowance of costs, we think that the order of the Special Term was judiciously made, for it nowhere appears that the amount of the indebtedness was seriously disputed by the administrators. Their reliance being solely upon the Statute of Limitations, it would seem but right and proper that if they were defeated upon that, costs should be awarded to the prevailing party.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.